IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| COLLEEN DALE DOHENY,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO,[1]<br>COMMISSIONER, SOCIAL<br>SECURITY ADMINISTRATION,<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:25-CV-00969-CBB<br><br>United States Magistrate Judge<br>Christopher B. Brown |

**MEMORANDUM OPINION[2]**
**ON PLAINTIFF'S FOR SUMMARY JUDGMENT, ECF NO. 8**

## I. Introduction

Plaintiff Colleen Doheny filed her application for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401–434, on February 21, 2023. ECF No. 2-2 at 18. Plaintiff claims she became disabled beginning July 10, 2022 due to epilepsy and related grand mal seizures. *Id.*

Plaintiff's claims were denied initially and then again on reconsideration. ECF No. 2-4 at 3, 14. The Administrative Law Judge (the "ALJ") held a hearing on July 11, 2024 at Plaintiff's request. *Id.* at 2-2 at 35. In a July 25, 2024 decision, the ALJ denied Plaintiff's request for benefits and found she was not disabled under the

---

1 Frank Bisignano is substituted as the Defendant in this matter, pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g). The Clerk is directed to amend the docket to reflect this change.

2 All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, et seq.

Act. ECF No. 2-2 at 15. Thereafter, the Appeals Council declined to review the ALJ's decision on May 14, 2025. *Id.* at 2-2 at 6.

On July 10, 2025, Plaintiff filed a timely appeal with this Court and has since filed a motion for summary judgment. ECF Nos. 1, 8. The Commissioner filed an Opposition and Plaintiff filed a Reply. ECF Nos. 9-10. The motion for summary judgment is fully briefed and ripe for consideration. Upon consideration of the record before the Court and as set forth below, Plaintiff's Motion is GRANTED, and the decision of the ALJ is VACATED.

## II. Factual Background

The following summary is limited to information which is relevant to the current appeal. Plaintiff alleges she became disabled at age 61. ECF No. 2-2 at 23. Plaintiff was diagnosed with epilepsy at age 12. *Id.* at 44. It had been a "very long time" since she had a seizure, but then she had three seizures in quick succession – in October 2021, December 2021, and July 2022. *Id.* at 44-45. The last seizure was a grand mal seizure and she lost consciousness and began shaking. *Id.* at 45. She did not regain consciousness until she was in the hospital. *Id.*

For at least the five years prior to her grand mal seizure, Plaintiff worked as an anti-money laundering investigator for a bank. ECF No. 2-2 at 42. She sat for most of the workday while doing this job and did not carry anything heavier than her laptop computer. *Id.* at 43. She testified that she had been "debating" early retirement since at least 2021, but after she had three seizures in one year, she decided it was "just time to not work there anymore" because she "had to get off the

computer." *Id.* at 44. Plaintiff explained that stress and "long days on the computer" might have triggered her seizures. *Id.* at 44, 46, 48.

Plaintiff testified that she has been having poor sleep and difficulty with memory since the seizures. *Id.* at 48-49. Plaintiff also testified that she could walk two or three miles when she is not carrying anything. *Id.* at 46.

Three medical professionals provided opinions. The first was consultative examiner Kelsey Kumar, NP ("NP Kumar"). ECF No. 2-7 at 371-390. Notably, Kumar opined that over the course of an eight-hour workday, Plaintiff would be able to sit for seven hours, stand for three hours, and walk for two hours. ECF No. 2-7 at 379. NP Kumar also opined that Plaintiff has brain fog and fatigue from the seizures. *Id.* at 379.

The ALJ found NP Kumar's opinion to be "somewhat persuasive." ECF No. 2-2 at 26. He stated the opinion "is supported by an examination of the claimant. The examiner has Program knowledge; the opinion is within a field of expertise, and it is consistent with other opinions and records. However, the opinion relies on the claimant's history for much of the opinion particularly for reports of brain fog." *Id.*

State agency medical consultant Anne Heather Prosperi, DO ("DO Prosperi") also provided an opinion that Plaintiff had non-exertional limitations, and could not work around hazards or climb ladders, but that she could climb stairs. ECF No. 2-3 at 3-10. DO Prosperi found Plaintiff could sit for eight hours to perform her prior work but did not opine on how much Plaintiff could stand or walk during the workday. *Id.* at 8. The ALJ found this opinion "persuasive," but that additional

limitations beyond what DO Prosperi suggested were "warranted in light of the [Plaintiff's] epilepsy and giving the claimant the benefit of the doubt." ECF No. 2-2 at 26. (citing NP Kumar's Opinion at ECF No. 2-7 at 371).

DO Prosperi's opinion was affirmed by state agency medical consultant Kurt Dalen Maas, MD ("MD Maas"). ECF No. 2-3 at 11-17. Like DO Prosperi, MD Maas likewise found Plaintiff could sit for eight hours to perform her prior work but did not opine on how much Plaintiff could stand or walk during the workday. *Id.* at 16. The ALJ found MD Maas' opinion "persuasive" with the same added limitations. ECF No. 2-2 at 26 (citing NP Kumar's Opinion at ECF No. 2-7 at 371).

### III. The ALJ Decision

At step one of the sequential analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. ECF No. 2-2 at 21. At step two, the ALJ found Plaintiff's severe impairment was epilepsy. *Id.* at 21-22. At step three, the ALJ found Doheny did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 22.

At step four, the ALJ found Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR 404.1567(c). *Id.* at 23. Relevant to this appeal, the RFC states Plaintiff "can sit for six hours in an eight-hour workday and stand and walk for six hours in an eight-hour workday." *Id.*[3]

[3] The full RFC states: "the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the claimant can lift, carry, push and pull 50 pounds occasionally and 25 pounds frequently. She can sit for six hours in an eight-hour workday and stand and walk for six hours in an eight-hour workday. She can only frequently operate foot controls with the bilateral lower extremities. She can only frequently stoop,

Relying on the RFC, the ALJ found Plaintiff could perform her past relevant work as an investigator (DOT # 376.267-014). *Id.* at 27. The ALJ made an alternative finding at step five that Plaintiff could also perform additional "medium and unskilled" roles. *Id.* at 29. The ALJ found Plaintiff was not disabled under the Social Security Act. *Id.* at 29-30.

## IV. Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. *See* 42 U.S.C. § 405(g). If the Court finds substantial evidence supports the final decision, it must uphold it. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)).

Not to be confusing, but the term "*substantial evidence*" is defined as "more than a mere scintilla." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). So while it uses the word "substantial" it has been interpreted to mean "such relevant evidence as a reasonable mind might accept as *adequate*" to support a conclusion.

kneel, crouch, and crawl. She can only occasionally climb ramps and stairs and balance. She can never climb ropes, ladders, or scaffolds. She can never be exposed to moving mechanical parts and unprotected heights. She can only frequently be exposed to poor ventilation, concentrated odors, fumes, dusts, gasses, extreme cold and extreme heat, humidity and wetness, and vibration. She can only occasionally operate a motor vehicle and she can only work in a loud work environment or quieter." ECF No. 2-2 at 23.

*Id.*; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (*emphasis added).* An ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[ ]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06. Moreover, the Court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason." *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

To be eligible for Social Security benefits under the Act, a claimant must demonstrate that they cannot engage in "substantial gainful activity" because of a medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986).

When reviewing a claim, the ALJ must utilize a five-step sequential analysis to evaluate whether a claimant has met the requirements for disability. 20 C.F.R. §§ 404.1520, 416.920. The ALJ must determine:

> (1) whether the claimant is currently engaged in substantial gainful activity;
>
> (2) if not, whether the claimant has a severe impairment or a combination of impairments that is severe;
>
> (3) whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1;

> (4) whether the claimant's impairments prevent them from performing their past relevant work; and
>
> (5) if the claimant is incapable of performing their past relevant work, whether they can perform any other work which exists in the national economy.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003). If the claimant is determined to be unable to resume previous employment, the burden shifts to the Commissioner at Step 5 to prove that, given claimant's mental or physical limitations, age, education, and work experience, they can perform substantial gainful activity in jobs available in the national economy. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).

## V. Discussion

Plaintiff makes two arguments in support of remand. ECF No. 8. Plaintiff argues the ALJ's denial is contrary to law because he (1) failed to explain his rejection of NP Kumar's opinion; and (2) did not follow relevant regulations in finding Plaintiff's statements regarding her symptoms and limitations were inconsistent with the record. *Id.* The Court agrees the ALJ did not adequately explain his rejection of NP Kumar's opinion, which makes meaningful judicial review impossible. As this warrants remand, Court need not address Plaintiff's second argument. Accordingly, the ALJ's opinion is vacated and the case will be remanded.

"When weighing medical opinions in Social Security matters, administrative law judges must *consider* a range of factors, but all they must *explain* are the reasons for their decisions." *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638

(3d Cir. 2024) (emphases in original). The ALJ "need not reiterate the magic words 'support' and 'consistent' for each doctor." *Id.* at 639. The ALJ can "weave supportability and consistency throughout [his or her] analysis of which doctors were persuasive." *Id.*

The ALJ's decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (*citing Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)). Put differently, the ALJ must establish "a logical bridge between the evidence and the ALJ's legal conclusions and factual findings." *Bienkowski v. Bisignano*, No. 4:24-CV-1714, 2025 WL 1668328, at *7 (M.D. Pa. June 12, 2025). *See also Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981) ("Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, ... an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper").

Plaintiff here argues that the ALJ has not sufficiently explained his rejection of NP Kumar's opinion regarding time spent sitting, standing, or walking during the workday. ECF No. 8 at 7-8. The Commissioner responds that the ALJ's "assessment of the medical opinions and prior administrative medical findings comports with the regulatory framework." ECF No. 9 at 5.

In the RFC, the ALJ found that Plaintiff could perform medium work which involves the ability to "sit for six hours in an eight-hour workday and stand and

walk for six hours in an eight-hour workday." ECF No. 2-2 at 23. However, NP Kumar opined that over the course of an eight-hour workday, Plaintiff could only stand for three hours and walk for two hours. ECF No. 2-7 at 379.

As explained above, the ALJ found NP Kumar's opinion to be "somewhat persuasive." ECF No. 2-2 at 26. He stated the opinion "is supported by an examination of the claimant. The examiner has Program knowledge; the opinion is within a field of expertise, and it is consistent with other opinions and records. However, *the opinion relies on the claimant's history for much of the opinion particularly for reports of brain fog*." *Id.* (emphasis added).

Based on this explanation, the only specific issue that the ALJ has with NP Kumar's opinion – to take it from "persuasive" down to merely "somewhat persuasive" – is that she relied too much on the claimant's history "particularly for reports of brain fog." It therefore would appear that the ALJ finds the portions of NK Kumar's opinion that are *not* based on Plaintiff's history or related to brain fog to be persuasive. This would include, apparently, the portion of NP Kumar's opinion where she opined about how long Plaintiff could sit, stand, or walk during a workday. ECF No. 2-7 at 379.

The ALJ provides no explanation for why it rejected this portion of NP Kumar's opinion, particularly after seeming to adopt everything in NP Kumar's opinion that does not have to do with her history or her brain fog. In fact, there is nothing in the ALJ's opinion explaining how he found that the Plaintiff could perform medium work and could stand and walk for six hours in the course of an

eight-hour workday.[4] *See generally*, ECF No. 2-2 at 15-34. Without an explanation, the Court cannot determine from this record if substantial evidence supports the RFC overall and supports ALJ's rejection of this portion of NP Kumar's opinion. *Djulia K. v. Bisignano*, No. 1:24-CV-6213, 2026 WL 412556, at *11 (D.N.J. Feb. 13, 2026) (finding error because "[a]t bottom, without further explanation, the Court simply cannot determine from this record if substantial evidence supports the ALJ's rejection of Dr. Blank's opinions and the RFC determination at step four").

The Court is simply left guessing as to how the ALJ reached his ultimate decision regarding medium work and being able to stand and walk for six out of eight hours a day. It is not clear whether the ALJ intentionally omitted this discussion of NP Kumar's opinion – the only person to opine on sitting vs. standing vs. walking – because he did not find it relevant, or whether he considered it and rejected it. *See Luz R. v. Colvin*, No. CV 22-4902, 2024 WL 5047861, at *6 (E.D. Pa. Dec. 9, 2024) (finding ALJ erred in not explaining why she rejected an opinion physician's walking and standing limitations "or if she, in fact, considered and rejected them, as opposed to ignoring them"). More discussion is needed because he ALJ has not provided enough explanation of his reason to enable the Court to conduct a meaningful review.[5] *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009).

---

[4] As stated above, the Plaintiff testified in the hearing that she could walk two-three hours. ECF No. 2-2 at 46. Additionally, neither of the state agency consultants provided opinions on how much Plaintiff could sit or stand during an eight-hour workday. ECF No. 2-3 at 3-10; 11-17.

[5] The Commissioner does not include an analysis as to whether this was a harmless error, and the Court declines to do so *sua sponte* here.

Accordingly, the decision must be VACATED and the case will be remanded for further consideration consistent with this opinion.

## VI. Conclusion

Accordingly, for the foregoing reasons, the Court will grant summary judgment to Plaintiff, vacate the decision of the Commissioner denying benefits, and remand the matter to Commissioner pursuant to sentence four of § 405(g) for further development of the record as described above.

An appropriate order follows.

DATED this 17th day of September, 2026.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge

CC: All counsel of record, *via ECF*